## COLUMBIAN BUILDING & LOAN CO. v MEDDLES et

Ohio Appeals, 2nd Dist, Franklin Co

No 3234. Decided Feb 14, 1941

B. F. Levinson, Columbus, for plaintiff-appellee.

Campbell M. Voorhees, Columbus, for defendants-appellants.

## OPINION

By GEIGER, PJ.

This matter brings before this Court the judgment of the Court below involving the rights of parties, under the provisions of §11663-1 GC, in an action to revive a judgment.

In 1927 Charles H. Meddles and his wife borrowed from plaintiff $3250.00, executing a note and mortgage to secure the same. On the 14th day of March of the same year said Meddles borrowed from Amy W. Goelz the sum of $800.00 and executed a note and mortgage to secure the same. On June 24, 1931, in a foreclosure proceedings findings were made of the amount due to the plaintiff and to the cross-petitioner, Amy W. Goelz, the judgment in her favor being for $800.00. The Court on June 23, 1933, on distribution of the proceeds of the sale of the mortgaged property found that no part of the distribution of the proceeds of the sale were applied to the judgment rendered in favor of Amy Goelz and that there is a deficiency remaining in the sum of $800.00 for which judgment was rendered against Charles H. Meddles and Carrie, his wife. On November 15, 1939, a conditional order of revivor was issued out of the Common Pleas Court upon the motion of Charles M. Voorhees, administrator of Amy W. Goelz wherein it was ordered that said judgment be revived in the name of the administrator against Meddles in the sum of $800.00 unless cause was shown why said conditional order should not be made final.

Thereupon the defendant, Charles H. Meddles, moved for an order setting aside the conditional order and dismissing the petition for the reason that the judgment is void and can not be revived as provided by §11663-1 GC, for the reasons appearing in an affidavit filed by him.

Upon this motion and the supporting affidavit the Court found that the judgment sought to be revived was a

deficiency judgment arising out of a note and mortgage executed by Meddles to secure the unpaid purchase price of the real estate described in the petition; "that said real estate was a homestead and comes within the purview of §11663-1 GC"; that the petition for revivor not having been filed within two years from the date of the judgment or the effective date of the section that the judgment is void and barred by the statute and the motion to dismiss the proceedings was sustained and the petition dismissed, to which judgment of the Court proper notice of appeal was given.

The appellant files assignments of error that the court erred in sustaining the motion; in finding that the petition for revivor not having been filed within two years from the date of the judgment is void; that the sustaining of the motion was in conflict with Article I, §10 and §1 of the 14th Amendment of the Federal Constitution; that §11663-1 GC, violates **Art. II, §28 of the Ohio Constitution.** No bill of exceptions is filed.

Sec. 11663-1 GC, under the caption, "Limitation of Enforcement of a Deficiency Judgment" as amended effective August 15, 1939, provides, in substance, that any judgment for money rendered in a court of record upon any indebtedness which is secured by mortgage on real property upon which there has been located a dwelling, which has been used in whole or in part as a home or farm dwelling or which at any time was or is now held as a homestead by the person who executed said mortgage or which has been held by such person as a homesite, shall be **unenforceable** as to any deficiency remaining due thereon after the expiration of two years from the date of the confirmation of any judicial sale completed subsequent to the rendition of such judgment or after August 19, 1939, whichever shall be later, provided that any execution issued upon such judgment or any action or proceeding in aid of execution commenced prior to the expiration of such two-year period or prior to August 19, 1939, whichever

shall be later, shall not be affected by this section, and the section shall not affect any proceeding in the nature of a creditor's bill commenced within such two-year period or prior to August 19, 1939.

The original act, §11663-1, effective August 19, 1937, was substantially the same as the amended act, with the exception that it provided that the judgment, "should become **null and void** at the expiration of two years from the date of such judgment."

The provision that the judgment **"should become null and void"** may possibly have brought the original enactment in conflict with the provision of the Federal Constitution and of **Art. II, §28 of the Constitution of Ohio.** See **Cowen v State, 101 Oh St 387-395; State ex rel v Hinckle, 67 Oh St 144; 23 O. Jur., page 700, §§484, 485, 486,** and especially **487** on page **801 et seq.** See also **Shipley v White, 29 O. L. R. 194.**

The amendment to the effect that the judgment "shall be **unenforceable** as to any deficiency remaining due thereon after the expiration of two years" brings the statute within the rules long recognized as to remedial rights. Parties to a contract have no vested interest in a particular limitation which has been fixed. They have no vested interest in time or the commencement of an action and as to the forms of action or modes of remedy. The Legislature may change these at its discretion, provided adequate means for enforcing the right remains. **Perry v Anderson, 95 U. S. 628.** See also **Smith v New York Central Railroad Company, 122 Oh St 45; Flory, Admr. v Cripps, 132 Oh St 487; State ex Slaughter v Industrial Commission, 132 Oh St 537; Matthews v Raff, 45 Oh Ap 242.**

A case almost identical with the one at bar is that of the **Wayne Building & Loan Company v Headley et, 64 Oh Ap 355,** wherein Washburn, PJ., delivered the opinion of the court. It was held that the act of the Legislature reducing the time within which the owner of the deficiency judgment may prosecute proceedings for the collection of judgment does not violate any of the

486

provisions of the United States or Ohio Constitutions, provided such law allows a reasonable time after it becomes effective for the exercise of such owner's right to collect his judgment.

The court below treated the statute as relating to the remedy and that, therefore, it does not violate either the Federal or State Constitution.

Judgment of the court below affirmed.

BARNES & HORNBECK, JJ., concur.